IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEXUS DISPLAY TECHNOLOGIES, LLC, ) | |
| ) | |
| Movant ) | Case No. 3:15-MC-100-L |
| ) | |
| v. ) | |
| ) | |
| STMICROELECTRONICS, INC., ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT STMICROELECTRONICS, INC.'S SUBMISSION PURSUANT TO ORDER DATED SEPTEMBER 11, 2015**

Respondent STMicroelectronics, Inc. ("STMicroelectronics"), by and through its attorney, hereby files this submission pursuant to Paragraph VI of the Court's Order dated September 11, 2015, (the "Court Order"), and respectfully requests that the Court dismiss this proceeding, which was initiated by movant Nexus Display Technologies, LLC's ("Movant") filing of its Motion to Compel Compliance with Subpoena and for Contempt ("Motion to Compel") on September 8, 2015.[1]  In support of its request to dismiss this proceeding, STMicroelectronics states as follows:

1.   On July 8, 2015, Movant served STMicroelectronics with a third-party subpoena[2] requesting the production of numerous documents for use in the matter styled *Nexus Display*

---

[1] The Motion to Compel was originally filed in the Northern District of Texas on September 7, 2015, under case number 3:15-xc-02918.  That case was abandoned, and the motion was re-filed with this Court on September 8, 2015.

[2] The subpoena at issue in the Motion to Compel is the third subpoena served on STMicroelectronics in the *Dell* Case over the course of four months.  The first subpoena was served on STMicroelectronics by a different party to the litigation on May 27, 2015.  In response to the subpoena, STMicroelectronics made a production, and no further action was taken with regard to the subpoena.  The second subpoena was served on STMicroelectronics by Movant on June 18, 2015 and included thirty-eight requests for production.  STMicroelectronics made timely objections to

1

*Technologies, LLC v. Dell, Inc., et al.*, Case No. 2:14-cv-00762-RWS (E.D. Tex.) (the "*Dell* Case"). On July 21, 2015, STMicroelectronics made timely specific written objections to Movant's discovery requests. Subsequent to serving its written objections, STMicroelectronics engaged in negotiations with Movant in an effort to work with Movant in good faith to narrow the Movant's overly broad and burdensome discovery requests. In response, Movant made some modifications to its original requests, but, for a variety of reasons, the requests remained objectionable to STMicroelectronics. Additionally, in at least one instance, Movant attempted to make a new request during the parties' negotiations. On August 28, 2015, in its last communication with Movant prior to the filing of the Motion to Compel, STMicroelectronics once again reaffirmed its objections to Movant's discovery requests and made a separate objection to the new request.

2. On September 7, 2015, Movant sent STMicroelectronics a courtesy copy of its Motion to Compel and Appendix thereto.[3] The following day, Movant sent another email to STMicroelectronics indicating that the Motion to Compel was filed as "a placeholder to preserve [Movant's] rights" and that Movant would be willing to withdraw the motion if an agreement could be reached as to what STMicroelectronics would provide. *See* App. at 3 (Ex. 1 to Decl. of A. Zambrano).

3. STMicroelectronics later discovered that on September 11, 2015, in response to Movant's Motion to Compel, this Court—finding that the "parties could more fully confer on the issues in dispute pursuant to Local Rule 7.1(a) and *Dondi*"—issued an order requiring that the

---

such requests. Instead of conferring about such objections, Movant responded to STMicroelectronics's objections by serving yet another subpoena. Both of Movant's subpoenas are objectionable as they contain a number of overly broad and irrelevant requests and request highly sensitive information.

[3] Movant has yet to serve the Motion to Compel on STMicroelectronics in accordance with Fed. R. Civ. P. 5(b). STMicroelectronics is not included on PACER as a party to be noticed in this action, nor had it consented to electronic service prior to its counsel's notice of appearance filed on September 21, 2015.

parties meet and confer face-to-face and file a joint submission or agreed proposed order on or before 5:00 p.m. on September 21, 2015. The Court also ordered Movant to serve STMicroelectronics with a copy of the Court Order and to "file a certificate of service attesting to service no later than 5:00 p.m. on **September 15, 2015**." The Court Order further states: "If the movant fails to comply with this order, or if the joint submission is not timely filed, the motion will be subject to dismissal for failure to comply with this order."

4. To date, Movant has failed to serve STMicroelectronics with the Motion to Compel or a copy of the Court Order and has failed to file a certificate of service attesting to service as the Court ordered. Moreover, Movant failed to contact STMicroelectronics with regard to the Motion to Compel until Thursday, September 17, 2015, when Movant's counsel left a voicemail asking to discuss the discovery requests. But even then, Movant made no reference to the Court Order nor did Movant offer to set up an in-person meeting as required by the Order. *See* App. at 10 (Ex. 2 to Decl. of A. Zambrano) (unofficial transcript of voicemail). Counsel for STMicroelectronics returned Movant's counsel's call on Thursday, September 17, 2015, but Movant has not reached out any further. *See* App. at 1-2 (Ex. A, Decl. of A. Zambrano). Because Movant failed to comply with the Court Order and has shown no initiative in making a good faith effort to confer in person as required by the Court, STMicroelectronics respectfully requests that this proceeding be dismissed.

5. This proceeding should also be dismissed because Movant failed to comply with Judge Gilstrap's discovery deadline in the *Dell* Case. The original discovery deadline in the *Dell* Case was August 10, 2015. The deadline was previously extended at Movant's request to

August 31, 2015; thus, when the Motion to Compel was filed with this Court, the discovery deadline in the *Dell* Case had expired.[4]

6.  It is unclear why Movant waited until after the discovery period lapsed to file its Motion to Compel. STMicroelectronics's objections were repeatedly communicated to Movant beginning as early as July 21, 2015. If, in fact, Movant was concerned about preserving its legal rights, it should have filed the motion sufficiently in advance of the discovery deadline in order to allow the motion to be heard and ruled upon by the Court in a timely manner. *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (finding motion to compel filed two weeks after extended discovery deadline was untimely).

7.  Movant has caused STMicroelectronics to incur significant expense in responding to its repeated requests for overly broad discovery and its Motion to Compel and further has demonstrated a complete disregard for the judicial process by ignoring this Court's Order. Considering STMicroelectronics's position as a nonparty to the *Dell* Case, this proceeding should be dismissed.

WHEREFORE, STMicroelectronics respectfully requests that the Court dismiss this proceeding pursuant to Paragraph VI of the Court Order dated September 11, 2015, and grant STMicroelectronics any other relief that the Court deems just and appropriate.

---

[4] On September 14, 2015, the *Dell* court retroactively extended the discovery cut-off to September 7, 2015, the day that Movant originally filed its Motion to Compel.

4

Dated:  September 21, 2015.

>Respectfully submitted,
>
>*s/*Angela Zambrano
>Angela Zambrano
>SIDLEY AUSTIN LLP
>Texas Bar No. 24003157
>2001 Ross Avenue, Suite 3600
>Dallas, Texas 75201
>Ph:  (214) 981-3300
>Fax:  (214) 981-3400
>angela.zambrano@sidley.com
>
>*Attorney for STMicroelectronics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, September 21, 2015, I electronically filed the above Respondent STMicroelectronics, Inc.'s Submission Pursuant to Order Dated September 11, 2015 with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

>*s/*Angela Zambrano
>Angela Zambrano